# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Omar Hernandez, | Case No.: 2:18-cv-00102-JAD-BNW |
| Plaintiff | **Order Granting Defendants Peret and Willams's Motion to Dismiss and Denying Plaintiff's Motion to Appoint Counsel** |
| v. | |
| Romeo Aranas, et al., | [ECF Nos. 33, 42] |
| Defendant | |

Plaintiff Omar Hernandez brings this civil-rights lawsuit under 42 U.S.C. § 1983 for alleged violations of his constitutional and statutory rights that he claims occurred during his incarceration at Nevada High Desert State Prison (HDSP) and Southern Desert Correctional Center (SDCC).[1] Defendants Warden Brian Williams and Nurse N. Peret move to dismiss the claims against them, arguing that Hernandez fails to plead facts to show that Peret ignored his request for medical attention or that Williams was involved in or denied him medical care. Defendants alternatively argue that they are entitled to qualified immunity.

Because Hernandez does not plead facts to show that Peret's delay in responding to his grievance caused him substantial harm or that Williams was involved in denying Hernandez care, I dismiss the deliberate-indifference claims against each of them with prejudice. However, because I am not yet convinced that Hernandez can't show a set of facts that Peret Williams were negligent, I dismiss Hernandez's negligence claim against them without prejudice and give Hernandez until March 5, 2020, to amend his complaint. Finally, because Hernandez has not

---

[1] ECF No. 14. After screening Hernandez's *in forma pauperis* complaint, *see* ECF No. 1-1, under 28 U.S.C. § 1915A, I instructed the Clerk of Court to docket his complaint, *see* ECF No. 13 at 10. The Clerk of Court docketed his original complaint at ECF No. 14 and allowed his claims for deliberate indifference to a serious medical need and state-law negligence to proceed. ECF No. 13 at 10.

shown that exceptional circumstances exist in this case, I deny his request for court-appointed counsel.

## **Background**[2]

Hernandez's deliberate-indifference and state-law negligence claims are based on the following allegations: While incarcerated at HDSP Hernandez has submitted medical kites since April 2008 in an attempt to seek care for both of his eyes.[3] On June 15, 2012, Dr. Leeks told Hernandez that he had serious eye issues that needed to be addressed immediately, and he promised to call Hernandez back to discuss possible treatment options "very soon," but he never did.[4] Hernandez's eyes worsened, so he filed a grievance on February 11, 2013, about the denial of medical care.[5] Prison officials denied that grievance and told Hernandez that his request for care would be "forwarded."[6] Hernandez saw Dr. Leeks again on August 13, 2013; the doctor told Hernandez that he would be put on the "review list" for possible eye surgery.[7] The "review list" was the medical board in Carson City.[8] After a month with no response, and with his conditioning worsening, Hernandez filed another grievance. It, too, was denied, but on the ground that he had already grieved the issue.[9]

---

[2] These facts are summarized from the screening order. ECF No. 13.
[3] *Id*. at 4.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *Id.* at 4–5.
[8] *Id.* at 5.
[9] *Id.*

On October 1, 2013, prison officials transferred Hernandez to Las Vegas for an appointment with an outside ophthalmologist, Dr. Stradling.[10] Dr. Stradling examined Hernandez and told him that he had pterygium in both eyes and that he would "submit" Hernandez for surgery to correct it. Dr. Stradling also ordered a follow up and prescribed Hernandez "a strong eye solution in drop form."[11] But when Hernandez returned to prison, officials confiscated those eye drops from him, and Dr. Leeks replaced them with standard eye drops, claiming that the change was made due to "cost."[12]

On February 2, 2014, Hernandez filed a grievance because he still had not had surgery, scheduled for a follow up, or received any responses for his requests for care. Instead of the warden responding, a nurse responded to and denied that grievance. In that denial, the nurse acknowledged that Hernandez was to have a follow up but noted that no procedure to correct his eyes had ever been scheduled.[13]

Hernandez wrote to Warden Stroud during this time and asked for help in getting medical care. On March 7, 2014, Stroud informed Hernandez that no appointment for surgery had been scheduled because surgery had not been approved by the medical board yet.[14] Stroud confirmed that a doctor had made a recommendation for Hernandez to obtain surgery. Hernandez filed a second-level grievance, which Dr. Aranas denied.[15]

---

[10] *Id*.
[11] *Id*. at 6.
[12] *Id*.
[13] *Id*.
[14] *Id*. at 7.
[15] *Id*.

In April 2015, prison officials transferred Hernandez to SDCC. On November 13, 2015, Dr. Leeks again recommended mandatory surgery for Hernandez's eyes, but by late December he was still waiting.[16] Hernandez filed an emergency grievance and complained of severe headaches, that he could not see, and that he had large spots on his eyes. Prison officials denied the grievance and told Hernandez that he would be seen "after count."[17] He waited another six months without medical care.

The following April, Hernandez reminded prison officials in a another grievance that Dr. Leeks had recommended mandatory surgery, adding that he was in pain and "desperately need[s] this procedure ASAP."[18] An unknown prison official responded that the "recommended procedure is awaiting approval,"[19] but otherwise continued to ignore his request for another six months. Hernandez submitted another kite on November 9, 2016, asking for help, and he received the same "pending approval" answer.[20]

In April 2017, Hernandez was transferred back to HDSP, where prison officials took away his prescription of prednisolone forte eye drops, which he had previously been directed to use "daily for two weeks and then as needed."[21] Hernandez grieved that action on May 5, 2017; Nurse Peret denied it three weeks later because "any medications not used as prescribed will be considered contraband."[22] Over the next six months, Hernandez filed medical kites that nobody

---

[16] *Id.*
[17] *Id.* at 8.
[18] *Id.*
[19] *Id.* at 8–9.
[20] *Id.*
[21] *Id.* at 9.
[22] *Id.*

4

responded to until sometime after Halloween, when Peret explained, "as to your eye surgery request . . . [y]ou only have pterygium[,] which is the growth of tissue on the cornea of your eye and it can block the visual field as a complication but rarely grows so large that the pupil is covered as described in Wikipedia."[23] Peret said that "glaucoma [was] only suspected and not a final diagnosis," and Peret noted that "eye surgery was recommended and was approved on April 18, 2017[,] while you were at SDCC but unfortunately you were transferred to HDSP infirmary for strip watch on April 20, 2017[,] and we were not informed of the proposed surgery."[24] Peret denied Hernandez's grievance and told him that he would "be scheduled."[25]

However, Peret had reviewed Hernandez's medical record that May—one month after his surgery had been approved and five months before Peret informed him that "we were not informed of the proposed surgery."[26] Hernandez informed Warden Williams of Peret's "deliberate indifference to his medical needs" in a first-level grievance, but Warden Williams took no action.[27] Hernandez was later transferred to a correctional facility in Arizona for parole, and when an unknown medical employee found out, the employee told Hernandez, "good luck with that surgery," implying that Hernandez would not receive it.[28]

**I.    Defendants' motion to dismiss [ECF No. 33]**

As a preliminary matter, Hernandez argues that I should deny defendants' motion to dismiss because I already found in my screening order that his negligence and deliberate-

---

[23] *Id*.
[24] *Id*. at 10–11.
[25] *Id*. at 11.
[26] *Id*.
[27] *Id*.
[28] *Id*.

5

indifference claims are colorable.[29] The standard used for screening an *in forma pauperis* complaint under 28 U.S.C. § 1915A is the same as the one used for a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[30] Courts take different positions on the effect that a positive screening order has on a later-filed motion to dismiss—that the latter is barred under the law-of-the-case doctrine, must be filed as a motion to reconsider, or that the screening order doesn't preclude a merits consideration of the dismissal motion[31]—but there is no clear guidance from the Ninth Circuit. "Although motions to dismiss that follow screening orders frequently require the [c]ourt to repeat—often verbatim—analysis set forth in the screening order, . . . [the d]efendants nonetheless have a procedural right to bring such a motion and to have their arguments considered[.]"[32] I construed Hernandez's complaint liberally during the screening process, and I did not have the benefit of defendants' briefing that illuminates the deficiencies in that pleading. So I consider defendants' arguments now and find that they are not precluded by the screening-order findings.

A.  **Motion-to-dismiss standard**

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[33] In making this determination, the court takes as true all allegations of material fact in the complaint,

---

[29] ECF No. 13.

[30] *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

[31] *See, e.g.*, *Baldhosky v. Hubbard*, 2017 WL 68098, *2 (E.D. Cal. Jan. 5, 2017) (collecting cases).

[32] *Id*.

[33] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

and the court construes them in the light most favorable to the plaintiff.[34] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[35] but a plaintiff must provide more than mere labels and conclusions.[36] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[37] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[38]

B.   **Section 1983 standard**

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[39] To state a claim under § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) violated a right secured to plaintiff by the Constitution or the laws of the United States.[40] There is no respondeat superior liability for § 1983 claims.[41]

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[42] Deliberate indifference to a prisoner's serious medical needs or a serious risk to his safety violates the Eighth Amendment's

---

[34] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[35] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[36] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[38] *Id.*

[39] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal citations and quotations omitted).

[40] *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

[41] *Long v. Cty of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

[42] *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993).

7

proscription against cruel and unusual punishment.[43]  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[44]  Deliberate indifference "is manifested by . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[45]  However, "a mere delay in medical treatment, absent a showing of resulting substantial harm, is insufficient to support an Eighth Amendment violation."[46]  "Plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health.'"[47]

### 1. Hernandez has not shown that Peret was deliberately indifferent to his need for medical care.

Hernandez contends that Peret reviewed his medical chart at least one month after the surgery was approved, so she cannot claim that she "was not informed of the proposed surgery" in responding to his grievance.[48]  Defendants argue that Peret's response to his grievance that "[the surgery] will be scheduled" does not show that she "disregarded or ignored [Hernandez's] need for eye treatment."[49]  Given Peret's response to Hernandez's grievance, there appears to be a one-month delay from the time she learned of his approved surgery and her response that it would be scheduled.  This one-month delay doesn't reach the constitutional threshold, especially

---

[43] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[44] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[45] *Estelle*, 429 U.S. at 104–05 (1976).

[46] *Rosado v. Alameida*, 497 F. Supp. 2d 1179, 1188 (S.D. Cal. 2007) (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

[47] *Id*. (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted)).

[48] ECF No. 14 at 10–11.

[49] ECF No. 33 at 5–6.

8

without any additional facts showing that Hernandez faced "an excessive risk to [his] health."[50] Hernandez also hasn't stated facts to show that Peret acted with the requisite mental state to deny him the surgery when she denied the grievance but stated that it would be scheduled. Instead, he asserts that a different medical employee taunted him with the "good luck with that surgery" comment when that employee learned that Hernandez was being relocated to Arizona for parole.[51] Accordingly, I dismiss Hernandez's deliberate-indifference claim against Peret.

### 2. *Hernandez hasn't shown that Williams denied him medical care.*

Defendants also argue that Hernandez's claim against Williams must fail because Hernandez didn't plead enough facts that show Williams either knew about Hernandez's need for eye treatment, responded to his grievance, or had any role in providing him care.[52] A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[53] "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[54] But a defendant may not be held liable under § 1983 merely because he had certain job responsibilities.[55] Plus, as with subordinates, there must be a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation.[56]

---

[50] *Rosado*, 497 F. Supp. 2d at 1188.
[51] ECF No. 14 at 11.
[52] ECF No. 33 at 5.
[53] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
[54] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).
[55] *Id*.
[56] *Id*.

9

Therefore, when a supervisor merely learns about a constitutional violation after the fact, he cannot be held liable.[57]

Hernandez contends that Williams failed to act on his first-level grievance alerting Williams that Peret had ignored his medical needs.[58] At most, this claim challenges Williams's review of Hernandez's grievance, which sounds like negligence but does not approach a constitutional claim. Hernandez has not pleaded any facts to show that Williams had the authority to approve or deny the surgery or that he was aware of the approved surgery before Hernandez's filed his last grievance. There is also an absence of facts about whether Williams took steps to prevent the surgery from being scheduled or approved. Without this causal connection, Hernandez's deliberate-indifference claim against Williams also fails.[59]

**C.     Hernandez has not shown that Williams and Peret were negligent.**

Hernandez also alleges that Williams and Peret were negligent—Peret hid the approved surgery and Williams failed to intervene.[60] To prove a claim for negligence under Nevada law, a plaintiff must show that: (1) the defendant had a duty to exercise due care towards plaintiff; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of plaintiff's injury; and (4) damages.[61] As above, Hernandez relies on his complaint and this court's screening order to argue that he sufficiently pleaded facts that show Williams and Peret "proved

---

[57] *May v. Enomoto*, 633 F.2d 164, 165 (9th Cir. 1980); *Colonna v. CSC Corp.*, 2007 WL 3342711, at *5 (D. Ariz. Nov. 8, 2007).

[58] ECF No. 14 at 11–12.

[59] Because Hernandez has not established that Peret or Williams's actions or inactions constitute deliberate indifference to his medical needs, I do not reach defendants' claims that Peret and Williams are entitled to qualified immunity.

[60] ECF No. 14 at 12–13.

[61] *See Perez v. Las Vegas Med. Center*, 805 P.2d 589, 590–91 (Nev. 1991).

10

to be negligent of their duty."[62] But Hernandez has not pleaded any facts about Williams and Peret's duty of care, breach thereof, or resulting damages. Because his negligence claim is too thin to conduct any meaningful analysis, I dismiss it as to only Williams and Peret.

**D.    Leave to amend**

Having dismissed these claims against Williams and Peret, I now consider whether to allow Hernandez to amend them. When granting a motion to dismiss, courts "freely give leave [to amend] when justice so requires."[63] The tendency of federal courts is to allow new chances. The Ninth Circuit directs that "[t]his policy is to be applied with extreme liberality."[64] The Supreme Court has also counseled that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[65]

This is the second time I consider Hernandez's allegations against defendants. Hernandez has failed to state a deliberate-indifference claim against Williams and Peret because he does not allege facts to suggest that either defendant had the requisite mental state in delaying care, and he has also failed to allege that the delay caused him substantial harm.[66] Because I do

---

[62] ECF No. 37 at 2.

[63] Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("In general, a court should liberally allow a party to amend its pleading")).

[64] *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted)).

[65] *Id.* at 985 (quoting *Eminence Capital*, 316 F.3d at 1051 (internal quotation marks omitted)).

[66] *See Rosado*, 497 F. Supp. 2d at 1188 (citing *Shapley*, 766 F.2d at 407).

not find that these facts or circumstances may be a proper subject for constitutional relief against these defendants, I dismiss this claim without leave to amend.

For Hernandez's negligence claim, I am not yet convinced that he can plead no set of facts that would entitle him to relief. So, I grant him leave to file an amended complaint to state additional facts to support a claim for negligence against Williams and Peret. If he chooses to amend this negligence claim against Williams and Peret, he must plead true factual allegations that show what each defendant did or failed to do in denying him treatment. He must file the amended complaint on this court's approved prisoner civil-rights form, write the words "First Amended" above the words "Civil Rights Complaint" in the caption, and follow the instructions on the form. He is advised that an amended complaint replaces the original complaint and, thus, must be complete in itself.[67] If Hernandez chooses to amend his complaint, he must do so by March 5, 2020. If he does not amend his complaint, no claims will remain against Peret and Williams.

## II. Hernandez's motion to appoint counsel [ECF No. 42]

Like many prisoners who file civil-rights claims, Hernandez asks the court to find and appoint him a free lawyer.[68] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions.[69] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person

---

[67] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[68] ECF No. 42.

[69] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[70] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[71] "Neither of these considerations is dispositive and instead must be viewed together."[72]

I do not find that exceptional circumstances exist here. Hernandez's deliberate-indifference and negligence claims are relatively straightforward. And, despite his medical issues and language barrier, Hernandez has sufficiently demonstrated the ability to articulate his position. I therefore deny the motion to appoint counsel.

**Conclusion**

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss **[ECF No. 33] is GRANTED.** Hernandez's Eighth Amendment deliberate-indifference claim is DISMISSED with prejudice and without leave to amend. The negligence claim is DISMISSED without prejudice and with leave to amend by March 5, 2020. If he chooses to amend this negligence claim against Williams and Peret, he must plead true factual allegations that show what each defendant did or failed to do in denying him treatment. He must file the amended complaint on this court's approved prisoner civil-rights form, write the words "First Amended" above the words "Civil Rights Complaint" in the caption, and follow the instructions on the form. He is

---

[70] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).
[71] *Id.*
[72] *Id.*

13

advised that an amended complaint replaces the original complaint and, thus, must be complete in itself.[73]  If Hernandez chooses to amend his complaint, he must do so by March 5, 2020.

**IT IS FURTHER ORDERED that,** the Clerk of Court is also directed to SEND to Hernandez the approved form for filing a § 1983 complaint, instructions for completing it, and a copy of his original complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointed counsel **[ECF No. 42] is DENIED.**

Dated: February 4, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[73] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).