AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Brian Williams and Nonilon Peret*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| OMAR HERNANDEZ, | Case No. 2:18-cv-00102-JAD-BNW |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE ONLY BY SEVENTY-FIVE DAYS FROM JANUARY 7, 2021, TO MARCH 23, 2021.** |
| v. | |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | **(DEFENDANTS' SECOND MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE ONLY)** |

Defendants, Brian Williams and Nonilon Peret (NDOC Employees), by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith (Attorney Smith), Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move to extend the latest dispositive motions deadline only—which is set forth in a October 29, 2020 order (ECF No. 64)—by seventy-five days from January 7, 2021, to March 23, 2021. For the reasons stated below, NDOC Employees demonstrate good cause for extending the dispositive motions deadline by this brief period.

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LAW AND ARGUMENT

#### A. Rule 6(b), Federal Rules Of Civil Procedure

Rule 6(b)(1), Federal Rules of Civil Procedure, governs an extension of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") An action should be decided on its merits and not on a technicality. *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving a disputes on its merits). See generally 1 *Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

#### B. Local Rules IA 6-1 And 26-3

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

///

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists, Thus The Court Should Grant NDOC Employees' Motion For An Extension Of The Dispositive Motions Deadline

NDOC Employees intend to move for summary judgment and will raise a qualified immunity defense and argue that no constitutional violations occurred. By extending the deadline, no party is under no danger of prejudice; the delay is short, which will not impact negatively on judicial proceedings. Also, because of Plaintiff Omar Hernandez's (Hernandez) location in a custodial institution outside of the State of Nevada (he is located in Arizona), Attorney Smith has encountered more difficulty than usual in an attempt to meet and confer with Hernandez to discuss a possible settlement and other issues relating to this action.

Attorney Smith started with the Nevada Attorney General's Office in the second half of September 2020 and soon after was admitted to the Nevada Bar and to the District Court. Upon commencement of his employment, Attorney Smith became counsel of record for the defense in approximately forty actions and has worked assiduously and expeditiously to review and work on each case file. That caseload increased to almost fifty cases because a staff member left the office and Attorney Smooth inherited the former's cases. Some of these required immediate and lengthy responses. In the next month, Attorney Smith has to draft at least five motions to dismiss/responses to complaints and several other summary judgment motions and will thus have to request several other extensions.

Complicating the above is the fact that six weeks ago Governor Sisolak ordered all non-essential workers to work from home because of the second wave of the COVID

pandemic. Attorney Smith has worked from home for all of those six weeks, which has undoubtedly slowed down his access to office support systems and defendants in multiple cases. Limited access to various resources is impeding the ability of defense counsel to work as quickly and efficiently as one would expect in a fully-staffed office. Attorney Smith has even encountered difficulty holding meet and confers with inmate plaintiffs in several other actions because of COVID lockdowns in various institutions. In sum, the government response to the COVID crisis is undoubtedly slowing down defense counsel's ability to comply with the dispositive motions deadline in this action and several others. Attorney Smith assures the court that he and his team are working diligently to defend this action and bring this motion in good faith.

### D. The Four Factors Contained Within LR 26-3 Are Satisfied.[1]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. NDOC Employees have completed discovery in this action, and no further discovery is needed, but NDOC Employees move to extend the dispositive motions only.

### E. Meet And Confer

As stated in an October 8, 2020 filing, counsel for NDOC Employees "and his secretary made multiple attempts to contact Hernandez in prison [in Arizona]; those attempts were unsuccessful." (ECF No. 63 at 2) Again, Attorney Smith and his secretary have tried contacting various people within Hernandez's institution in an attempt to meet

---

[1] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, NDOC Employees neither move to extend a discovery deadline nor move to reopen discovery, but because the October 29, 2020 order (ECF No. 64) amends the original scheduling order and sets out new discovery deadlines and a new dispositive motions deadline, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

and confer regarding this motion and settlement and the case in general but have been unsuccessful. These attempts will continue. Because Hernandez is located out of state and because of the COVID pandemic, Attorney Smith has encountered difficulties contacting Hernandez (and several other inmates in other actions).

## II.     CONCLUSION

In sum, Attorney Smith continues to diligently defend this action on behalf of NDOC Employees and wishes for a speedy resolution, but an extension of time is needed in order to file a motion for summary judgment and to ensure that this action is adjudicated on the merits. NDOC Employees demonstrate good cause for extending the January 7, 2021 dispositive motions deadline. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, NDOC Employees respectfully request an extension of time to March 23, 2021, to file dispositive motions.

DATED this 7th day of January, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

ORDER

**IT IS SO ORDERED**

**DATED:** 4:28 pm, January 11, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**