# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Omar Hernandez, | Case No.: 2:18-cv-00102-JAD-BNW |
| Plaintiff | **Order Granting Unopposed Motion for Judgment on the Pleadings** |
| v. | [ECF No. 71] |
| Romeo Aranas, et al., | |
| Defendant | |

Plaintiff Omar Hernandez began this lawsuit as a civil-rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional and statutory rights that he claims occurred during his incarceration at Nevada High Desert State Prison (HDSP) and Southern Desert Correctional Center (SDCC). Dismissal orders left Hernandez with only a negligence claim against Warden Brian Williams and Nurse Nonilon Peret.[1] On March 30, 2021, these remaining defendants filed a motion for judgment on the pleadings, asking this court to decline to exercise supplemental jurisdiction over Hernandez's remaining state-law negligence claim, dismiss this claim as barred by the Eleventh Amendment, or dismiss it because it remains inadequate to state a claim for relief.[2] Hernandez had until April 13, 2021, to file a response to the motion, and he neither filed a response nor moved to extend his time to do so.

---

[1] *See* ECF Nos. 47, 69. This court's February 4, 2020, order dismissed all claims and gave Hernandez leave to assert only a negligence claim against Williams and Peret. ECF No. 47. Though his amended complaint asserts far more than that negligence claim against these two defendants, *see* ECF No. 52, any claim beyond the permitted negligence claim is a rogue claim filed in violation of this court's very clear and limited order. Plus, a March 3, 2021, order dismissed the claims against Defendants Aranas, Leeks, and Cox because Hernandez failed to serve them within the time prescribed by Rule 4(m). *See* ECF No. 69. So, to the extent that Hernandez has pled any claim beyond his permitted amended negligence claim, those claims are hereby struck.

[2] ECF No. 71.

This court's Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Because Hernandez failed to file a response to this motion, I apply Local Rule 7-2(d), construe his silence as his consent to granting the motion, and do so.

IT IS THEREFORE ORDERED that the Motion for Judgment on the Pleadings **[ECF No. 71] is GRANTED in part**. With a single state-law claim remaining, this court declines to exercise supplemental jurisdiction over that claim and **DISMISSES this action under 28 U.S.C. § 1367(c)(3) without prejudice** to Hernandez's ability to refile this claim in state court. If Hernandez desires to pursue his negligence claim against Williams and Peret in state court, he should take heed that 28 U.S.C. § 1367(d) tolls the period of limitations for this claim for just 30 days after dismissal "unless State law provides for a longer tolling period," and Hernandez alone remains responsible for ensuring the timeliness of any refiling.

**The Clerk of Court is directed to CLOSE THIS CASE.**

Dated: May 5, 2021

_____
U.S. District Judge Jennifer A. Dorsey